IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| JILL VASINA, ) | CASE NO. BK05-44515 |
| ) | |
| Debtor(s). ) | CH. 7 |

<u>MEMORANDUM</u>

Hearing was held in Lincoln, Nebraska, on January 18, 2006, on the debtor's motion to avoid lien (Fil. #5) and resistance by the Chapter 7 trustee (Fil. #14), and on the trustee's objection to exemptions (Fil. #13) and resistance by the debtor (Fil. #16). Paul Rea appeared for the debtor, and Joseph Badami appeared as the trustee. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B) and (O).

The debtor owns a car with a fair market value of $4,575. She borrowed $7,000 from her parents and gave them the car title as collateral. The security interest is a non-purchase-money security interest. The parents did not record their lien on the title, so the debtor is now trying to avoid the lien under 11 U.S.C. § 522(f)(1)(B)(ii) as a non-possessory, non-purchase-money security interest in a tool of the trade. The debtor has also claimed the car as exempt under Neb. Rev. Stat. § 25-1556(4) as a tool of the trade to the extent of $2,400, with the remaining value claimed as exempt personal property under § 25-1552. The trustee claims the car for the estate and objects to the debtor's claim of exemption.

The trustee has the avoiding powers of a lien creditor and as such, holds an interest superior to that of the holder of an unperfected security interest. 11 U.S.C. § 544(a); Neb. Rev. Stat. § 60-164(1). He has claimed the unencumbered value of the car as an asset of the estate on the basis that the avoidance of the parents' lien inures to the benefit of the estate rather than to the debtor, under § 551.

The trustee's avoidance powers cannot defeat a valid exemption. In an Iowa case involving a debtor's attempt to claim a homestead exemption in the same property in which the trustee was attempting to avoid the mortgage as a preference or fraudulent transfer, the court said, "[The avoided] mortgage would be preserved for the benefit of the estate. 11 U.S.C. § 551. . . .

Avoidance of the mortgage, however, would not defeat the debtors' claim of exemption in the equity in their home." Sergeant v. G.R.D. Inv. L.L.C. (In re Schaefer), 331 B.R. 401, 413-14 (Bankr. N.D. Iowa 2005). In Schaefer, the exemption was limited to the debtors' equity in the home and, under § 522(g), could not attach to the property recovered by the trustee because a mortgage is a voluntary transfer.

In this case, however, Ms. Vasina asserts that § 522(g)(2) protects her exemption because it permits a debtor to exempt property recovered by the trustee, notwithstanding §§ 550 and 551, if the debtor could have avoided the transfer under § 522(f)(1)(B). She is attempting to avoid the lien under § 522(f)(1)(B)(ii), which avoids the fixing of a lien that is a non-possessory, non-purchase-money security interest in a debtor's tools of the trade. In Nebraska, a vehicle can be a tool of the debtor's trade if the debtor uses it in connection with or to commute to work. Neb. Rev. Stat. § 25-1556(4). Ms. Vasina indicates in her affidavit that she drives the car to work, so it qualifies as a tool of the trade.

The debtor's position is based on a plain reading of § 522(g)(2), and the same approach was successful in In re Flitter, 181 B.R. 938 (Bankr. D. Minn. 1995), as well as in In re Brennan, 208 B.R. 448 (Bankr. S.D. Ill. 1997); Rameker v. Hollinsed (In re Hollinsed), 54 B.R. 155 (Bankr. D. Wis. 1984); and In re Dipalma, 24 B.R. 385 (Bankr. D. Mass. 1982). Given the paucity of reported cases, it appears that § 522(g)(2) is a little-used section of the Bankruptcy Code.

The Flitter decision cites legislative history to show that Congress afforded debtors the right to reclaim certain recovered property "to give debtors an enhanced benefit from statutory exemption rights." 181 B.R. at 941 (citing H.R. Rep. No. 95-595, at 362-63 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6317-19, and S. Rep. No. 95-989, at 76-77 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5861-63). The court then explains the limitations on the debtors' ability to reclaim:

> As the Trustee points out, § 522(g) imposes one significant limitation on this right, by negative implication: where in the first place a debtor voluntarily parted with the value that the trustee has recovered — as, for example, by a consensual grant of security interest — he cannot meet the requirement of § 522(g)(1)(A), and cannot use § 522(g)(1) as the basis for his claim of exemption. However, § 522(g)(2) opens the debtor's right back out again, for the classes of assets that are subject to a debtor's lien avoidance

    powers under § 522(f).

181 B.R. at 941.

    As noted in the <u>Flitter</u> decision, § 522(f)(1)(B) permits the avoidance of liens only on certain exempt items. Because Ms. Vasina's car falls under the tool-of-the-trade exemption for a portion of its value, her motion will be granted to that extent. Section 522(f)(1)(B) does not cover the portion of the value Ms. Vasina seeks to exempt under the "wildcard" exemption allowed in § 25-1552.

    A separate order will be entered granting the debtor's motion to avoid lien and overruling the trustee's objection to exemptions.

    DATED:    February 13, 2006

    BY THE COURT:

    /s/ Timothy J. Mahoney
    Chief Judge

Notice given by the Court to:
    *Paul Rea
    *Joseph Badami
    United States Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.